UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA MARIE MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA CIVIL RIGHTS DEPARTMENT,<br><br>        Defendant. | Case No.: 23-cv-1013-DMS-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On May 31, 2023, Plaintiff Leila Marie McCoy, proceeding pro se, filed a complaint against Defendant California Civil Rights Department. (Compl., ECF No. 1.) Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Pl.'s Mot. to Proceed IFP ("Mot."), ECF No. 2.) Plaintiff sues the California Civil Rights Department following its alleged denial of Plaintiff's request for accommodations due to her disabilities. (Compl. 2–3.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **DISMISSES** the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    **I.    MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040-JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Plaintiff has declared in her form application under penalty of perjury that she has had no income during the past twelve months, has not been employed for the past two years, has $0 in her checking account, and estimated her monthly expenses at $1,170 per month. (Mot. 1–5.) She has also declared that she is blind, is currently living "on loans and [her] credit cards," and that her Supplemental Security Income award is currently "suspended." (Mot. 5.) Accordingly, because Plaintiff has demonstrated an inability to pay the filing fee, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See Beasley v. San Diego Cnty. Sheriff's Dep't*, No. 23-cv-1203-DMS, 2023 WL 4918306, at *1 (S.D. Cal. Aug. 1, 2023) (declining to impose partial filing fee due to defendant's inability to pay).

## II.   SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52 in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### A. Plaintiff's Allegations

Plaintiff alleges that she is blind and mobility-impaired and requires the assistance of adaptive software to read and fill out forms. (Compl. 2.) Plaintiff alleges that she requested accommodations from the California Civil Rights Department ("Agency") to allow her access to the Agency's programs, services, and facilities. (*Id.*) She requested accommodations in the form of an "auxiliary aide" or "qualified reader" to assist her in communicating with the Agency. (*Id.*) As best as the Court can decipher, Plaintiff asserts that the Agency closed her pending claims with the Agency in retaliation for her contacting a supervisor regarding her request for accommodations. (*Id.*) Plaintiff explains that this left her and her children "without life sustaining medication," "housing," and "other necessities." (*Id.*)

Plaintiff alleges that she then filed a complaint with a state administrative law judge ("ALJ") who ruled that the Agency had retaliated against Plaintiff. (*Id.*) As best as the Court can decipher, Plaintiff alleges that the Agency then refused to comply with the ALJ's ruling. (*Id.*) Plaintiff now brings this action seeking money damages to remedy the injury she suffered due to the Agency's actions toward her. (*Id.* at 3.)

### B. Legal Standard

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are

insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Analysis

Plaintiff has failed to satisfy the Rule 8 pleading standard. Plaintiff's terse complaint does not allege any cause of action and fails to "plausibly allege facts to support the elements of any cause of action." *Rashidiasl v. MEP*, No. 23-cv-0325-GPC, 2023 WL 3728685 (S.D. Cal. May 30, 2023); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (explaining that Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case"). As pleaded, Plaintiff's complaint does not afford Defendant a fair opportunity to defend itself. Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis; and **DISMISSES** the Complaint without prejudice pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) for failure to state a claim. Within forty-five (45) days of the date of this Order, Plaintiff may file an amended complaint. If Plaintiff files an amended complaint, she must state a cause of action and present facts sufficient to plausibly allege that cause of action. *See Bautista*, 216 F.3d at 840–41.

**IT IS SO ORDERED.**

Dated:  August 3, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court